DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Teamsters Local Union No. 473, | ) | |
| | ) | CASE NO. 5:07 CV 3444 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| The Beacon Journal Publishing Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is defendant Beacon Journal Publishing Company's (Beacon Journal) motion for leave to file a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Rule 11) and 28 U.S.C. § 1927 (§ 1927) (Document 10).  Plaintiff Teamsters Local Union No. 473 (Union) opposed Beacon Journal's motion (Document 11), and Beacon Journal replied (Document 13).

In addition, Union filed its own motion for sanctions pursuant to Rule 11 and § 1927 against Beacon Journal (Document 14).   Beacon Journal was granted leave to respond to Union's motion (Document 15), but no response was filed.

For the reasons discussed below, Beacon Journal's motion for leave to file a motion for sanctions pursuant to Rule 11 (Document 10) is denied.  Beacon Journal's motion for leave to file a motion for sanctions pursuant to § 1927 (Document 10) is granted.

Beacon Journal's motion for sanctions pursuant to § 1927 was attached to its motion for leave (Document 10-2), and therefore was considered by the Court on the merits.  Beacon Journal's motion for sanctions pursuant to § 1927 (Document 10-2) is denied.  Further for the

(5:07 CV 3444)

reasons discussed below, Union's motion for sanctions pursuant to Rule 11 and § 1927 (Document 14) is denied.

## I.  BACKGROUND

The underlying dispute in this case arose after Beacon Journal discharged an employee whose employment was subject to a collective bargaining agreement with the Union (Agreement).   The Agreement prescribed the procedures for arbitrating disputes, grievances and differences between the parties.   The Union alleges in its complaint that Beacon Journal did not comply with the Agreement's arbitration procedures regarding the discharged employee at issue in this case.   The same day the complaint was filed, Union also issued a press release stating that the complaint was filed and that Beacon Journal had refused to honor the expedited arbitration provision of the Agreement.

Beacon Journal moved to dismiss the complaint.   However, before responding to the motion to dismiss, the Union dismissed the case without prejudice pursuant to Rule 41(a)(1). After the case was closed, Beacon Journal filed a motion for leave to file a motion for sanctions against the Union, which is now at issue before the Court, along with the Union's cross motion for sanctions against Beacon Journal.

## II.  LAW AND ANALYSIS

A.      <u>Rule 11 Sanctions</u>

Rule 11(c)(2) sets forth the requirements for bringing a motion for sanctions for alleged violations of Rule 11(b).   One of Rule 11(c)(2)'s requirements is a twenty-one day period that precedes filing a motion for sanctions with the court.   That provision provides that:

2

(5:07 CV 3444)

> The motion . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

The Sixth Circuit has ruled that Rule 11 is unavailable where the moving party fails to serve a timely twenty-one day 'safe harbor' letter. *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 510-511 (6th Cir. 2002)(citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir. 1997)(holding "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court.")).  This service and filing must occur prior to final judgment or judicial rejection of the offending contention. *Ridder* at 297. The twenty-one day 'safe harbor' period affords the allegedly offending party an opportunity to avoid sanctions by withdrawing or correcting the challenged document after receiving notice, and cannot be waived. *Ridder* at 294-296.

In *Ridder*, defendant City of Springfield moved for attorney fees and sanctions pursuant to Rule 11 and § 1927 after summary judgment was granted to defendant.  The magistrate judge below accepted the City of Springfield's argument that Rule 11's 'safe harbor' provision was an "empty formality" when a motion for sanctions comes after summary judgment has been granted, rendering compliance with the provision is unnecessary. *Ridder* at 296-297.  However, the Sixth Circuit in *Ridder* vacated the imposition of sanctions under Rule 11, finding that by filing the Rule 11 motion after judgment when it was too late for the allegedly offending party to withdraw the challenged claim, the City of Springfield had given up the opportunity to receive an award of Rule 11 sanctions. *Id.*

3

(5:07 CV 3444)

> By virtue of its nature, the 'safe harbor' provision cannot have any effect if the court has already rendered its judgment in the case; it is too late for the offending party to withdraw the challenged claim.  Given the futility of the 'safe harbor' provision in this context, Springfield deduces that compliance is unnecessary.  This is where we depart from Springfield's logic.  Rather than excusing Springfield's noncompliance, we instead hold that Springfield has given up the opportunity to receive an award of Rule 11 sanctions in this case by waiting to file the motion until after the entry of summary judgment. . . . A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention.

*Id.*

1. <u>Beacon Journal's Motion for Rule 11 Sanctions Against Union</u>

In its motion for leave to file a motion for sanctions (Document 10), Beacon Journal requests that the Court waive Rule 11's twenty-one day 'safe harbor' notice and allow it to file the motion for sanctions attached to the motion for leave (Document 10-2).   Beacon Journal requests that the Court waive the 'safe harbor' period "because there is no corrective action that [Union] can take during such a period to undo its frivolous conduct."  However, the fact that it is too late for Union to withdraw the offending claim does not render compliance with Rule 11's twenty-one day 'safe harbor' provision unnecessary.  By not sending a 'safe harbor' letter to Union and then filing the sanctions motion with the Court before Union's voluntary dismissal of the case, the Court finds that Beacon Journal gave up its opportunity to receive an award of

4

(5:07 CV 3444)

Rule 11 sanctions.  *Ridder* at 297.[1]  Accordingly, Beacon Journal's motion for leave to file a

motion for sanctions pursuant to Rule 11 is denied.

        2.        Union's Motion for Rule 11 Sanctions Against Beacon Journal

        Union's cross-motion for Rule 11 sanctions against Beacon Journal is based on Beacon

Journal's motion for leave to file sanctions against Union.  Before filing its motion with the

Court, Union complied with Rule 11's twenty-one day 'safe harbor' provision.

        The Union's motion for sanctions against Beacon Journal arguably has merit.  However,

the parties in this litigation are both significant institutions with a long-term relationship.  It is

the Court's view that the imposition of sanctions is not conducive to a relationship that benefits

both parties.  Therefore, the Court declines to exercise its discretion to award sanctions against

Beacon Journal.  Union's motion for Rule 11 sanctions is denied.

---

        [1]  The *Ridder* Court's holding that a party gives up its opportunity to receive an award of Rule 11 sanctions if the full twenty-one day 'safe harbor' period is not observed and the motion is not filed prior to final judgment is applicable whether the case concludes because summary judgment is granted or is voluntary dismissed under Rule 41(a).

        The now-discarded 1983 version of Rule 11 designated no particular time for filing a Rule 11 motion. . . . It became settled law, before the 1993 amendments took effect, that a Rule 11 motion could be made after final judgment, subject to local rules establishing timeliness standards.  *See Cooter & Gell,* 496 U.S. at 396, 110 S.Ct. at 2456 (stating that Rule 11 determination may be made after the principal suit has been terminated; upholding sanctions awarded three and a half years after voluntary dismissal) . . . This is no longer the case.

*Ridder* at 295.

(5:07 CV 3444)

      B.     <u>28 U.S.C. §1927 Sanctions</u>

      Unlike Rule 11 sanctions, parties claiming sanctions under 28 U.S.C. §1927 need not comply with a 'safe harbor' provision nor is the motion untimely if made after the conclusion of a case.  *Ridder* at 297.  Accordingly, Beacon Journal's motion for leave to file a motion for sanctions pursuant to § 1927 is granted.[2]

      The statute sets forth the federal rule discouraging costly, vexatious proceedings. Specifically:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

      Simple inadvertence or negligence that frustrates the trial judge will not warrant sanctions under  § 1927.  "There must be some conduct on the part of the subject attorney that trial judges  . . . could agree falls short of the obligations owed by a member of the bar to the court. . . "  *Ridder* at 298 (quoting  *In Re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987)).

      In *Ridder*, counsel sued the city and individual police officers without any evidence to support his claims and persisted in the allegations for over five years, long after it should have become apparent that the claims lacked a plausible factual basis.  The Sixth Circuit agreed with

---

[2] Beacon Journal's motion for § 1927 sanctions was attached to its motion for leave.  Therefore, the Court will consider the merits of both Beacon Journal's and Union's motions for § 1927 sanctions.

6

(5:07 CV 3444)

the finding below that counsel's conduct was unreasonable and vexatious, and affirmed the magistrate judge's award of sanctions under § 1927.

In *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*,[3] the Sixth Circuit affirmed sanctions against counsel who continuously attempted to circumvent the district court's injunction, failed to join necessary parties, misrepresented facts, and refused to expedite certain discovery. Finding that the lawyer was "increasing the work on the other party without advancing the litigation," the district court's award of sanctions under § 1927 was affirmed. *Red Carpet Studios* at 647.

In this case, Union filed its complaint on November 6, 2007, and Beacon Journal moved to dismiss later that month. Before responding to Beacon Journal's motion to dismiss and before the Court could conduct a case management conference, Union voluntarily dismissed the case on January 25, 2008. The case was pending for less than 90 days.

The proceedings in this case were few and short-lived. Neither of the parties' actions, including their cross motions for sanctions, rose to the level of unreasonable or vexatious conduct that multiplied the proceedings in this case. § 1927 sanctions are not warranted in this case, and both Beacon Journal's and Union's motions for those sanctions are denied.

---

[3] 465 F.3d 642 (6th Cir. 2006).

7

(5:07 CV 3444)

### III.    CONCLUSION

For the reasons set forth herein, Beacon Journal's motion for leave to file a motion for sanctions (Document 10) is denied as to Rule 11 and granted as to 28 U.S.C. § 1927.  Beacon Journal's motion for sanctions pursuant to 28 U.S.C. § 1927 (Document 10-2) is denied. Union's motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 (Document 14) is denied.


IT IS SO ORDERED.


   August 6, 2008                          *S/ David D. Dowd, Jr.*
Date                                       David D. Dowd, Jr.
                                            U.S. District Judge

8